UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LARKLAND HARRIS JR.,

        Plaintiff,

v.

                                                  Case No. 3:22-cv-253-MMH-PDB

SETH GREEN, et al.,

        Defendant.

_____

**ORDER OF PARTIAL DISMISSAL WITHOUT PREJUDICE**

Plaintiff Larkland Harris, Jr., a pretrial detainee at the Flagler County Jail, initiated this action by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. Harris also moves to proceed in forma pauperis. Doc. 2. He names as Defendants Officer Seth Green, the Flagler County Sheriff's Office, and Flagler County, Florida. Id. at 2-3. In the Complaint, Harris asserts that officers arrested him for violating probation and transported him to the Flagler County Sheriff's Office. Id. at 6. He alleges that while handcuffed in the backseat of the police car, he advised an officer that the "cuff[s] were cutting in[to] his skin [and] hurting [his] wrist." Id. According to Harris, Defendant Green then opened the car door and as Harris put his right leg out and turned his back, Green began kicking Harris and bending Harris's wrists while screaming "stop resisting." Id. Harris alleges that "there

was no reason for [Green] to use force" because he posed no threat to officers, was restrained in the back of the police car, and was within the gates of the jail. Id. at 6. Harris asserts that as a result of Green's actions, he suffered injuries to his wrists and shoulder. Id. at 5. As relief, Harris requests monetary damages for "[t]he money [he] could be making while [] stuck in [jail]." Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id.

2

(quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cnty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). Without any federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

Liberally read, Harris's Complaint fails to state a plausible § 1983 claim against Defendants Flagler County and Flagler County Sheriff's Office. To attribute liability to Flagler County, Harris must allege that Flagler County had an official policy or custom that was "the moving force of the constitutional violation." Vineyard v. Cnty. of Murray, Ga., 990 F.2d 1207, 1211 (1993) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)). He fails to allege the

3

existence of a Flagler County official policy, custom, or procedure that led to his injuries. Thus, Harris fails to state a claim upon which relief may be granted against that Defendant.

As to the Flagler County Sheriff's Office, "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013); see also Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office." (citation omitted)); Mellen v. Florida, No. 3:13-cv-1233-J-34, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014) (recognizing that sheriff's offices and jail facilities are not amenable to suit under § 1983); Donovan v. Parker, No. 6:10-cv-855, 2010 WL 3259717, at *2-3 (M.D. Fla. Aug. 16, 2010) (finding that a sheriff's office and detention center have no capacity to be sued). Thus, Harris fails to state a claim upon which relief may be granted against that Defendant.

Harris's Fourth Amendment excessive use of force claim against Defendant Green will proceed. See Johnson v. City of Miami Beach, 18 F.4th 1267, 1272 (11th Cir. 2021) (applying the Fourth Amendment to the plaintiff's claim of excessive force that occurred at jail while officers were escorting the plaintiff into his holding cell). See, e.g., Hadley v. Gutierrez, 526 F.3d 1324,

4

1330 (11th Cir. 2008) (holding officer used excessive force when he punched suspect who was handcuffed and was not struggling or resisting); <u>Lee v. Ferraro</u>, 284 F.3d 1188, 1199 (11th Cir. 2002) (holding officer's use of force after the plaintiff was "arrested, handcuffed, and completely secure, and after any danger to the arresting officer as well as any risk of flight had passed" was excessive).

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The claims against Defendant Flagler County and Defendant Flagler County Sheriff's Office are **DISMISSED without prejudice**. The **Clerk** shall terminate these entities as Defendants in this case.

2. Harris's Fourth Amendment excessive use of force claim against Defendant Seth Green will proceed. A separate Order will enter regarding service of process on the remaining Defendant.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of March, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-7
C:   Larkland Harris, Jr., #282473